UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                Chapter 7

Teri Ann Kozlowski,                                        Case No. 13-50413

    Debtor.                                                     Hon. Phillip J. Shefferly
_____/

Estate of Shirley Franzen Dee,                         Adversary Proceeding
                                                                       No. 13-04884-PJS
    Plaintiff,

v.

Teri Ann Kozlowski,

    Defendant.
_____/

## ORDER DENYING DEMAND FOR JURY TRIAL

On May 22, 2013, Teri Ann Kozlowski filed this Chapter 7 case. On July 29, 2013, the estate of Shirley Franzen Dee ("Plaintiff") filed this adversary proceeding seeking to determine the non-dischargeability of a debt owed by the Debtor to the Plaintiff pursuant to §§ 523(a)(2), (4) and (6) of the Bankruptcy Code. The Plaintiff also filed a demand for jury trial. On September 16, 2013, the Court conducted an initial scheduling conference in this adversary proceeding. The Court informed Plaintiff's counsel that there is no right to a jury trial of an adversary proceeding to determine non-dischargeability of a debt. This order is entered to deny the Plaintiff's demand for jury trial in this adversary proceeding.

The question of whether a party has a Seventh Amendment right to a jury trial in a dischargeability proceeding brought under § 523, has largely been settled. The Seventh Amendment sanctions jury trials in legal, not equitable, proceedings. Granfinanciera, S.A. v. Nordberg, 492 U.S.

33, 41 (1989). The Supreme Court in Granfinanciera conducted a two-part analysis to determine the legal or equitable nature of a claim. First, the claim is compared to 18th-century actions to establish whether the cause of action, had it existed at the time, would have been tried in the English courts of law. Second, the remedy is examined to determine its legal or equitable character. Id. at 42; Tull v. United States, 481 U.S. 412, 417-418 (1987). Greater weight is given to the latter of this two-part analysis. Granfinanciera, 492 U.S. at 42.

The Sixth Circuit Court of Appeals has applied the Supreme Court's analysis to dischargeability proceedings holding that a debtor who filed an action to determine the dischargeability of certain obligations under § 523(a)(2), had no right to a jury trial. In re McLaren, 3 F.3d 958 (6th Cir. 1993). In McLaren, the Sixth Circuit relied on the Seventh Circuit's opinion in N.I.S. Corp. v. Hallahan (In re Hallahan), 936 F.2d 1496 (7th Cir. 1991). In support of its conclusion that the debtor had no right to a jury trial on a dischargeability claim, the Seventh Circuit reasoned:

> "First, application of the two-part test set forth in Granfinanciera reveals that a dischargeability proceeding is a type of equitable claim for which a party cannot obtain a jury trial. . . . [A] bankruptcy discharge and questions concerning the dischargeability of certain debts, involve issues with an equitable history and for which there was no entitlement to a jury trial in the courts of England prior to a merger of law and equity."

McLaren, 3 F.3d at 690 (quoting Hallahan, 936 F.3d at 1505) (citations omitted).

"[Second,] [t]he relief sought is also equitable since the essence of a dischargeability claim is a declaration that the debt is indeed dischargeable or non-dischargeable." In re Hallahan, 936 F.2d at 1505 (citations omitted).

This adversary proceeding involves a determination by this Court of whether the debt to the Plaintiff is non-dischargeable under § 523(a)(2), (4) and (6). Pursuant to the holdings in McLaren

and <u>Hallahan</u>, and the Supreme Court's analysis in <u>Granfinanciera</u>, discharge is an equitable remedy. Thus, the Court finds that no Seventh Amendment entitlement to a jury trial arises in this case. <u>In re McLaren</u>, 3 F.3d at 961.

For these reasons, the Court denies the Plaintiff's demand for a jury trial.

At the initial scheduling conference, the Plaintiff's attorney requested an opportunity to review the law regarding whether there is a right to a jury trial in a non-dischargeability adversary proceeding. If, based upon such review, the Plaintiff's attorney believes that there is a basis to demand a jury trial in this adversary proceeding, the Plaintiff's attorney shall have 14 days from the date of this order in which to file a motion seeking reconsideration of this order. In the event that no timely motion for reconsideration is filed, this order shall become final, the Plaintiff's demand for jury trial shall be denied, and this adversary proceeding will be conducted as a bench trial at the time and date indicated by the Court in the scheduling order that will be issued in this adversary proceeding.

**IT IS SO ORDERED.**

```
Signed on September 18, 2013
                                         /s/ Phillip J. Shefferly
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge
```